UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| TIMOTHY ROTE, | : | |
|---|---|---|
| | : | |
| Plaintiff, | : | Civil Action No.: 19-01299 (RC) |
| | : | |
| v. | : | Re Document No.: 23 |
| | : | |
| COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, UNITED STATES DEPARTMENT OF JUSTICE, OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, COLORADO JUDICIAL DEPARTMENT, THE HON. ROBERT KUGLER, ARBITRATOR WILLIAM B. CROW, THE HON. PAUL PAPAK, THE HON. ELIZABETH WEISHAUPL, THE HON. ROBERT HERNDON, THE HON. JAMES EGAN, BILLY WILLIAMS (in his official capacity as U.S. Attorney and chief law official in Oregon), CAROL BERNICK (in her official capacity as CEO of the OSBPLF), THE HON. SUSIE NORBY AND JOHN DOES (1-5) | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION TO DISQUALIFY FOREIGN INTELLIGENCE SURVEILLANCE COURT JUDGES**

**I. INTRODUCTION**

The Plaintiff, Timothy Rote, has brought a complaint against Defendants Committee on

Judicial Conduct and Disability of the Judicial Conference of the United States, United States

Department of Justice, Oregon Judicial Department, Oregon State Bar, Oregon State Bar
Professional Liability Fund, Colorado Judicial Department, the Hon. Robert Kugler, Arbitrator
William B. Crow, the Hon. Paul Papak, the Hon. Elizabeth Weishaupl, the Hon. Robert Herndon,
the Hon. James Egan, Billy Williams, Carol Bernick, the Hon. Susie L. Norby, and John Does
(1-5). The Complaint, which seeks damages as well as declaratory and injunctive relief, alleges:
violations of Mr. Rote's First, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §
1983; a conspiracy to violate his civil rights under 42 U.S.C. § 1985; and, violations of his rights
conferred by Article I, sections 8, 10, and 20 of the Oregon Constitution. Mr. Rote moved,
pursuant to 28 U.S.C. § 455(a)–(b), to disqualify the undersigned judge. For the reasons
explained below, this Court denies Mr. Rote's motion.

## II. FACTUAL BACKGROUND

Mr. Rote alleges twenty-eight "acts" committed by various defendants in this action that form the basis for his claims. *See* Compl., ECF No. 1. These "acts" relate to judicial proceedings before the Hon. Robert E. Jones in the U.S. District Court for the District of Oregon in 2001 regarding a business dispute, *id.* ¶¶ 20–24; a complaint that Mr. Rote's former employee filed with the Oregon Department of Justice and the Lane County District Attorney in 2003, *id.* ¶¶ 26–35; judicial proceedings before the Hon. Robert Kugler in a U.S. District Court in New Jersey in 2004 also relating to Mr. Rote's former employee, *id.* ¶¶ 36–39; criminal contempt of court hearings in New Jersey stemming from the 2014 New Jersey litigation, *id.* ¶¶ 40–44; arbitration proceedings in Oregon beginning in 2006 involving the same employee who initiated the New Jersey litigation, *id.* ¶¶ 46–54; ethics complaints filed with the Oregon State Bar Association, *id.* ¶¶ 55–56; judicial proceedings—considering a motion to vacate the award resulting from the 2006 arbitration—before Federal Magistrate Judge Paul J. Papak in the U.S.

District Court for the District of Oregon in 2012, *id.* ¶¶ 57–60; judicial proceedings—considering a motion to set aside the arbitration judgment—before Judge Papak in 2017, *id.* ¶¶ 61–62; judicial proceedings before the Hon. Elizabeth Weishaupl in Colorado from 2009 through 2014 regarding a business dispute between Mr. Rote's company and another entity, *id.* ¶¶ 63–66; judicial proceedings before the Hon. Marco Hernandez in the U.S. District Court in Oregon regarding a dispute between Mr. Rote and a former employee, *id.* ¶¶ 67–73, 86–87, 91–92, 94–99; judicial proceedings before the Hon. Robert Herndon in Clackamas County, Oregon in 2016 regarding a defamation claim, *id.* ¶¶ 74–79, 83; an appeal to the Oregon Court of Appeals resulting from the 2016 Clackamas County proceedings, *id.* ¶¶ 79–80, 84–85; an ethics complaint filed with the Oregon State Bar regarding an alleged violation of certain provisions of the Oregon Rules of Professional Conduct, *id.* ¶ 82; judicial proceedings in Clackamas County, Oregon in 2018 regarding Mr. Rote's claims of defamation and intentional infliction of emotional distress, *id.* ¶¶ 88, 93; judicial proceedings before the Hon. Susie L. Norby in Oregon regarding a "Motion to Set Aside the Judgment for legal fees in the Clackamas anti-SLAPP Motion," *id.* ¶ 90; and unspecified litigation before the Hon. Marco Hernandez in the U.S. District Court in Oregon, *id.* ¶ 100.

Count I of the Complaint alleges that Defendants violated Mr. Rote's First Amendment rights and seeks relief under 42 U.S.C. § 1983. *Id.* ¶¶ 101–111. Count II of the Complaint alleges that Defendants violated Mr. Rote's due process rights under the Fifth and Fourteenth Amendments and seeks relief under 42 U.S.C. § 1983. *Id.* ¶¶ 112–124. Count III of the Complaint, pursuant to 42 U.S.C. § 1985, alleges that Defendants conspired to violate Mr. Rote's civil rights. *Id.* ¶¶ 125–139. Count IV seeks declaratory and equitable relief pursuant to 42 U.S.C. § 2201. *Id.* ¶¶ 140–144. Mr. Rote requests an award in excess of $10 million in

3

economic damages and $50 million in noneconomic damages, in addition to equitable relief, punitive damages, attorneys' fees, and litigation expenses. *Id.* at 29–30.

Now before the Court is Mr. Rote's motion to disqualify the undersigned judge, as well as all judges of the United States Foreign Intelligence Surveillance Court ("FISC"), pursuant to 28 U.S.C. § 455(a) and § 455(b)(4). *See* Pl.'s Mot. to Disqualify Foreign Intelligence Surveillance Court Judges ("Pl.'s Mot. to Disqualify"), ECF No. 23. At the crux of Mr. Rote's motion is that both the undersigned judge and Defendant Judge Kugler serve on the FISC. *See id.*; Compl. ¶ 11. Mr. Rote alleges that Defendant Judge Kugler solicited other courts to violate Mr. Rote's rights and argues that he will continue to do the same with FISC judges. *See* Pl.'s Mot. to Disqualify at 2. Mr. Rote further argues that Defendant Judge Kugler has a "professional, and likely personal, relationship" with all the FISC judges, calling the impartiality of each FISC judge into question. *Id.* Finally, Mr. Rote claims that evidence of bias at this stage of litigation includes this Court's failure to grant Mr. Rote ECF access, Mr. Rote's "Motion for Default against nonresponding parties," and two hearings requested for other pending motions. *Id.* at 4.

### III. ANALYSIS

Mr. Rote requests that the undersigned judge—in addition to all judges of the FISC— recuse from the present case on the ground that this Court's impartiality is in question due to both Defendant Judge Kugler and the undersigned judge serving on the FISC. *See* Pl.'s Mot to Disqualify. This Court denies Mr. Rote's motion because it finds no basis for recusal.

#### A. Legal Standard

"[F]ederal judges must maintain the appearance of impartiality" because "[d]eference to the judgments and rulings of courts depends upon public confidence in the integrity and

4

independence of judges." *United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001) (quoting Code of Conduct Canon 1 cmt.). Accordingly, the United States Constitution, federal statutory law, and codes of judicial conduct each prescribe recusal standards under which a judge may—or, under limited circumstances, must—remove himself from a case to protect the integrity of the proceedings. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–77 (2009); *Microsoft Corp.*, 253 F.3d at 113–15. The Supreme Court has explained that due process requires recusal "when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 137 S.Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Thus, "[t]he Court asks not whether a judge harbors an actual, subjective bias, but instead whether . . . the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Williams v. Pennsylvania*, 136 S.Ct. 1899, 1905 (2016) (quoting *Caperton*, 556 U.S. at 881). Under this framework, the Supreme Court has recognized only very few circumstances in which the appearance of bias mandates recusal. *See, e.g., Caperton*, 556 U.S. at 872 (holding that due process required recusal where a party was a substantial donor to judge's election campaign); *Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971) (holding that it may violate due process when a judge presides over a criminal contempt case that resulted from the defendant's hostility toward the judge); *Tumey v. Ohio*, 273 U.S. 510, 523–24 (1927) (holding that a judge may not preside over a case in which he has a "direct, personal, substantial, pecuniary interest"). However, "most questions concerning a judge's qualifications to hear a case are not constitutional ones." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

Recusal of federal district court judges is more often discussed by reference to 28 U.S.C. §§ 144 and 455. *See, e.g., SEC v. Loving Spirit Found., Inc.*, 392 F.3d 486, 492–93 (D.C. Cir.

5

2004).  Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."  28 U.S.C. § 144.  But "the mere fact that a party has filed a [Section] 144 motion, accompanied by the requisite affidavit . . . does not automatically result in the challenged judge's disqualification."  *Strange v. Islamic Republic of Iran*, 46 F. Supp. 3d 78, 81 (D.D.C. 2014) (quoting *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010)); *see also United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) ("[D]isqualification is not automatic upon submission of affidavit and certificate . . . .").  Rather, "the judge must review [the affidavit] for legal sufficiency . . . and construe [it] strictly against the movant to prevent abuse."  *Miller*, 355 F. Supp. 2d at 405 (citing *United States v. Haldeman*, 559 F.2d 31, 135 (D.C. Cir. 1976); *James v. District of Columbia*, 191 F. Supp. 2d 44, 46–47 (D.D.C. 2002)).  While the judge "must accept the affidavit's factual allegations as true even if the judge knows them to be false," the affidavit still "must state facts as opposed to conclusions, and . . . mere rumors and gossip are not enough."  *Loving Spirit Found.*, 392 F.3d at 496 (citing *Berger v. United States*, 255 U.S. 22, 35–36 (1921) ); *Strange*, 46 F. Supp. 3d at 81 (citing *United States v. Hanrahan*, 248 F. Supp. 471, 475 (D.D.C. 1965)).  An affidavit is sufficient as a matter of law when it states material facts with particularity, it would convince a reasonable person that a bias exists, and the alleged bias is personal in nature and stems from an extrajudicial source.  *See Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988); *James*, 191 F. Supp. 2d at 47.

Similarly, recusals under Section 455 focus on standards of personal bias and partiality.  *See* 28 U.S.C. § 455.  Section 455(a) states that a judge "shall disqualify himself in

6

any proceeding in which his impartiality might reasonably be questioned," unless the parties waive the grounds for disqualification. *Id.* § 455(a), (e). "The standard for disqualification under [Section] 455(a) is an objective one." *Microsoft Corp.*, 253 F.3d at 114. "The question is whether a reasonable and informed observer would question the judge's impartiality." *Id.* (citations omitted). Further, Section 455(b) enumerates specific grounds that require a judge to recuse, such as where the judge has "an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5)(iii). Even though recusal may be justified when a judge possesses interests that "tempt [the judge] to disregard neutrality," "bald allegations of bias or prejudice" are insufficient. *Caperton*, 556 U.S. at 878 (finding disqualification appropriate when judge had direct financial interests in the proceeding's outcome); *Karim-Panahi v. U.S. Cong.*, 105 Fed. App'x 270, 275 (D.C. Cir. 2004) (affirming district court's denial of motion to disqualify judge because the record did not reflect the appearance of bias or prejudice).

To compel recusal under Section 455(a), the movant must demonstrate that the judge's reliance on "'an extrajudicial source' . . . creates an appearance of partiality." To compel recusal under Section 455(b), the movant must demonstrate that the judge has "actual bias or prejudice based upon an extrajudicial source." *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000). Where no extrajudicial source is involved, the movant must show a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Thus, judicial rulings and opinions formed by the judge during the course of proceedings generally do not support recusal. *See Liteky*, 510 U.S. at 555. Indeed, this Circuit has declared that "[a] judge should not recuse himself based upon conclusory, unsupported or tenuous allegations." *In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C.

7

Cir. 1992) (per curiam) (citation omitted); *see also SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) ("[A] judge has as much an obligation not to recuse himself where there is no reason to do so as he does to recuse himself when proper." (citation omitted)).

### B. The Court Denies the Motion to Disqualify FISC Judges

In the present motion, Mr. Rote alleges that the impartiality of the undersigned judge may be called into question because both Defendant Judge Kugler and the undersigned judge serve on the FISC. *See* Pl.'s Mot. to Disqualify at 2. Mr. Rote alleges that Defendant Judge Kugler "engaged in nonimmune activity soliciting other courts to deny plaintiff his right of due process," "solicited Constitutional violations from many courts and on information and belief will continue to do so confidentially with the FISA Judges,"[1] "has solicited constitutional violtions [sic] to retaliate against plaintiff for publishing information on Judge Kugler's relationship with a former [New Jersey] law clerk who is associated with downloading and disseminating child porn," and "Judge Mosman (also a FISA Judge) intervened at the request of Judge Kugler." *Id.* Mr. Rote, therefore, calls for the disqualification of all the FISC judges "because they all have at least a professional, and likely personal, relationship with the other members of the FISA court, as there are only eleven (11) FISA Judges, that could substantially . . . affect this case." *Id.* As evidence of bias thus far in this case, Mr. Rote claims that this Court refused to (1) grant Mr. Rote ECF access; (2) "grant a Motion for Default against nonresponding parties; (3) grant a hearing on the pending Motion to Dismiss nonimmune state court actors named in this case; and (4) grant a hearing on the Motion to Transfer Venue to the U.S. District of Oregon." *Id.* at 4. Mr. Rote, therefore, argues that the undersigned judge should disqualify himself because "his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and he

---

[1] The Court understands Mr. Rote's references to "FISA Judges" to mean FISC judges.

has an "interest that could be substantially affected by the outcome of the proceeding," 28 U.S.C. § 455(b)(4). *Id.* at 2, 4. Mr. Rote's arguments fail under both provisions.

In *Reddy v. O'Connor*, the plaintiff filed a § 455 motion to recuse Judge Bates, arguing that because Defendant Chief Justice Roberts appointed Judge Bates to the FISC, Judge Bates "ha[d] a 'close personal relationship' with the Chief Justice resulting in a real or potential bias in [the Chief Justice's] favor." 520 F. Supp. 2d 124, 128 (D.D.C. 2007). Rejecting this argument, the Court found that "no reasonable and informed observer would question the impartiality of [Judge Bates] based on the Chief Justice's appointment." *Id.* The Court noted that the appointment resulted in a professional relationship that did not implicate any "personal or financial concerns," "and such professional relationships generally are not grounds for recusal where official action is at issue." *Id.* (citation omitted). Similarly, the court in *Sibley v Roberts* rejected the plaintiff's argument that no D.C. District Court judge could hear his case on the grounds that one of the defendants was the former Chief Judge of the District and the other is the Clerk of the Court. 224 F. Supp. 3d 29, 34–35 (D.D.C. 2016). Applying the analysis in *Reddy*, the court found that recusal was not warranted because the relationships between the judge and "both defendants are professional, not personal," and the defendants' official action was at issue. *Id.* at 35 (citing *Reddy*, 520 F. Supp. 2d at 126–27).

Here, applying the reasoning of *Reddy* and *Sibley*, the Court finds that the undersigned judge's relationship to all other FISC judges is professional and that "such professional relationships generally are not grounds for recusal where official action is at issue." *Reddy*, 520 F. Supp. 2d at 128. Furthermore, the undersigned notes that he and the two other identified FISC judges serve in different cities and do not serve as duty judges on the FISC simultaneously. Thus, even their professional relationships are quite limited. Therefore, just as the professional

relationship that exists between two judges sitting in one district does not prohibit a judge from hearing a case in which a colleague judge is a defendant, *see Sibley*, F. Supp. 3d at 34–35, the professional relationship between the undersigned judge and another FISC judge does not warrant the undersigned judge's recusal when another FISC judge appears as a defendant. Moreover, Mr. Rote's attempt to demonstrate bias through his allegation that Defendant Judge Kugler "solicited Constitutional violations from many courts and on information and belief will continue to do so confidentially with the FISA Judges," Pl.'s Mot. to Disqualify at 2, is a bald allegation without evidentiary support and is therefore unavailing. *See Karim-Panahi*, 105 Fed. App'x at 275 (holding that "bald allegations" are insufficient to disqualify judge); *United States v. Nixon*, 267 F. Supp. 3d 140, 149 (D.D.C. 2017) ("[S]uch speculation cannot support [a] request for recusal." (citation omitted)).

While it is unclear whether Mr. Rote's allegations concerning the undersigned judge's decisions in this case are posed as further grounds for recusal or as evidence of bias arising out of the professional relationship between the undersigned judge and Defendant Kugler, these allegations do not persuade the Court that recusal is warranted. All of Mr. Rote's allegations, including that this Court refused Mr. Rote ECF access, failed to grant a Motion for Default against unresponsive parties, and failed to grant hearings on two other pending motions, involve discretionary decisions that are not grounds for recusal. *See Liteky*, 510 U.S. at 549 ("[T]he recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made.'" (quoting *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 44 (1913))). Therefore, regardless of the reasons Mr. Rote levies these allegations, they do not further his cause for disqualifying the undersigned judge.

In sum, Mr. Rote has failed to meet the recusal standards under 28 U.S.C. § 455. An objective observer would not question the undersigned judge's impartiality under the present circumstances because Mr. Rote has not shown that this Court's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), nor that this Court has any "interest that could be substantially affected by the outcome of the proceeding," 28 U.S.C. § 455(b)(4). Furthermore, Mr. Rote has not shown that this Court acted with a level of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Instead, Mr. Rote makes "conclusory, unsupported [and] tenuous allegations" that are wanting of facts. *In re Kaminski*, 960 F.2d at 1065 n.3 (citation omitted). Insofar as judges have a duty to recuse themselves when partiality exists, judges have an equal duty to not recuse themselves when there is no basis for recusal. *See Bilzerian*, 729 F. Supp. 2d at 22. Accordingly, Mr. Rote's motion requesting that this judge recuse himself is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Rote's Motion to Disqualify Foreign Intelligence Surveillance Court Judges. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 6, 2019　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge