UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY ROTE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 19-01299 (RC) |
| | : | |
| v. | : | Re Document No.:     13 |
| | : | |
| COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, UNITED STATES DEPARTMENT OF JUSTICE, OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, COLORADO JUDICIAL DEPARTMENT, THE HON. ROBERT KUGLER, ARBITRATOR WILLIAM B. CROW, THE HON. PAUL PAPAK, THE HON. ELIZABETH WEISHAUPL, THE HON. ROBERT HERNDON, THE HON. JAMES EGAN, BILLY WILLIAMS (in his official capacity as U.S. Attorney and chief law official in Oregon), CAROL BERNICK (in her official capacity as CEO of the OSBPLF), THE HON. SUSIE NORBY AND JOHN DOES (1-5) | : : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

**I.  INTRODUCTION**

The Plaintiff, Timothy Rote, has brought a complaint against Defendants Committee on Judicial Conduct and Disability of the Judicial Conference of the United States, United States Department of Justice, Oregon Judicial Department, Oregon State Bar, Oregon State Bar Professional Liability Fund, Colorado Judicial Department, the Hon. Robert Kugler, Arbitrator

William B. Crow, the Hon. Paul Papak, the Hon. Elizabeth Weishaupl, the Hon. Robert Herndon, the Hon. James Egan, Billy Williams, Carol Bernick, the Hon. Susie L. Norby, and John Does (1-5). The Complaint, which seeks damages as well as declaratory and injunctive relief, alleges: violations of Mr. Rote's First, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; a conspiracy to violate his civil rights under 42 U.S.C. § 1985; and, violations of his rights conferred by Article I, §§ 8, 10, and 20 of the Oregon Constitution. Federal Defendants, Committee on Judicial Conduct and Disability of the Judicial Conference of the United States ("Committee on Judicial Conduct and Disability"), United States Department of Justice, the Honorable Robert B. Kugler, the Honorable Paul J. Papak, and Billy J. Williams, have moved, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the District of Oregon. Mr. Rote opposes this motion on the grounds that private and public interest factors weigh against transferring this case. For the reasons discussed below, because both the public and private interests favor transfer to the District of Oregon, the Court grants the Defendants' motion to transfer the case.

## II. FACTUAL BACKGROUND

Timothy Rote is a resident of Oregon. Compl. ¶ 4, ECF No. 1. Defendants Committee on Judicial Conduct and Disability and Department of Justice are United States entities. *Id.* ¶¶ 5–6. Defendants Oregon Judicial Department and Oregon State Bar are Oregon state government entities. *Id.* ¶¶ 7–8. Defendant Oregon State Bar Professional Liability Fund is an entity functioning under the Oregon State Bar. *Id.* ¶ 9. Defendant William B. Crow, at the relevant time period of the allegation, was an arbitrator in Oregon and Chair of the Disciplinary Board of the Oregon State Bar Association. *Id.* ¶ 12. Defendant the Hon. Paul J. Papak is a federal magistrate judge of the U.S. District Court for the District of Oregon. *Id.* ¶ 13. Defendant the Hon. Robert Herndon is the Chief Judge of the Clackamas County Circuit Court

of Oregon. *Id.* ¶ 15. Defendant the Hon. James C. Egan is the Chief Judge of the Oregon Court of Appeals. *Id.* ¶ 16. Defendant Billy J. Williams is the United States Attorney for the District of Oregon. *Id.* ¶ 17. Defendant the Hon. Susie. L. Norby is a judge on the Clackamas County Circuit Court of Oregon. *Id.* ¶ 18. Defendant Carol Bernick is the Chief Executive Officer of the Oregon State Bar Professional Liability Fund. *Id.* ¶ 19. Defendant Colorado Judicial Department is a Colorado state government entity. *Id.* ¶ 10. Defendant the Hon. Elizabeth A. Weishaupl is a district court judge for the 18th Judicial District of Colorado located in Arapahoe County, Colorado. *Id.* ¶ 14. Defendant the Hon. Robert B. Kugler is a U.S. District Court Judge for the District of New Jersey. *Id.* ¶ 11.

Mr. Rote alleges twenty-eight "acts" committed by various defendants in this action that form the basis for his claims. *See id.* These "acts" relate to judicial proceedings before the Hon. Robert E. Jones in the U.S. District Court for the District of Oregon in 2001 regarding a business dispute, *id.* ¶¶ 20–24; a complaint that Mr. Rote's former employee filed with the Oregon Department of Justice and the Lane County District Attorney in 2003, *id.* ¶¶ 26–35; judicial proceedings before the Hon. Robert Kugler in a U.S. District Court in New Jersey in 2004, also relating to Mr. Rote's former employee, *id.* ¶¶ 36–39; criminal contempt of court hearings in New Jersey stemming from the 2014 New Jersey litigation, *id.* ¶¶ 40–44; arbitration proceedings in Oregon beginning in 2006 involving the same employee who initiated the New Jersey litigation, *id.* ¶¶ 46–54; ethics complaints filed with the Oregon State Bar Association, *id.* ¶¶ 55–56; judicial proceedings before Federal Magistrate Judge Paul J. Papak in the U.S. District Court for the District of Oregon in 2012 regarding a motion to vacate the award resulting from the 2006 arbitration, *id.* ¶¶ 57–60; judicial proceedings before Judge Papak in 2017 regarding a motion to set aside the arbitration judgment, *id.* ¶¶ 61–62; judicial proceedings before the Hon.

3

Elizabeth Weishaupl in Colorado from 2009 through 2014 regarding a business dispute between Mr. Rote's company and another entity, *id.* ¶¶ 63–66; judicial proceedings before the Hon. Marco Hernandez in the U.S. District Court in Oregon regarding a dispute between Mr. Rote and a former employee, *id.* ¶¶ 67–73, 86–87, 91–92, 94–99; judicial proceedings before the Hon. Robert Herndon in Clackamas County, Oregon in 2016 regarding a defamation claim, *id.* ¶¶ 74–79, 83; an appeal to the Oregon Court of Appeals resulting from the 2016 Clackamas County proceedings, *id.* ¶¶ 79–80, 84–85; an ethics complaint filed with the Oregon State Bar regarding an alleged violation of certain provisions of the Oregon Rules of Professional Conduct, *id.* ¶ 82; judicial proceedings in Clackamas County, Oregon in 2018 regarding Mr. Rote's claims of defamation and intentional infliction of emotional distress, *id.* ¶¶ 88, 93; judicial proceedings before the Hon. Susie L. Norby in Oregon regarding a "Motion to Set Aside the Judgment for legal fees in the Clackamas anti-SLAPP Motion," *id.* ¶ 90; and, unspecified litigation before the Hon. Marco Hernandez in the U.S. District Court in Oregon, *id.* ¶ 100.

Count I of the Complaint alleges that Defendants violated Mr. Rote's First Amendment rights and seeks relief under 42 U.S.C. § 1983. *Id.* ¶¶ 101–111. Count II of the Complaint alleges that Defendants violated Mr. Rote's due process rights under the Fifth and Fourteenth Amendments and seeks relief under 42 U.S.C. § 1983. *Id.* ¶¶ 112–124. Count III of the Complaint, pursuant to 42 U.S.C. § 1985, alleges Defendants conspired to violate Mr. Rote's civil rights. *Id.* ¶¶ 125–139. Count IV seeks declaratory and equitable relief pursuant to 42 U.S.C. § 2201. *Id.* ¶¶ 140–144. Mr. Rote requests an award in excess of $10 million in

economic damages and $50 million in noneconomic damages, in addition to equitable relief, punitive damages, attorneys' fees, and litigation expenses. *Id.* at 29–30.

### III. ANALYSIS

Federal Defendants have moved, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the District of Oregon. Federal Defs.' Mot. to Transfer, ECF No. 13. The question before the Court, therefore, is whether the circumstances of this case warrant transfer. Because both the public and private interests favor transfer to the District of Oregon, the Court finds that transfer is appropriate and grants the Defendants' motion.

#### A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal citations omitted). The burden is on the moving party to establish that transfer under § 1404(a) is proper. *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008).

Accordingly, the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). In evaluating a motion to transfer, a court may weigh several private- and public-interest factors. *Sheffer v. Novartis Pharm. Corp.*, 873 F. Supp. 2d 371, 375 (D.D.C.

2012) (citing *Trout Unlimited*, 944 F. Supp. at 16). The private-interest considerations include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof. *Sheffer*, 873 F. Supp. 2d at 375; *Montgomery*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008). "Public-interest considerations include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home." *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006); *see also Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def.*, 226 F. Supp. 2d 227, 229 (D.D.C. 2002). "If the balance of private and public interests favors a transfer of venue, then a court may order a transfer." *Sheffer*, 873 F. Supp. 2d at 375 (citing *Montgomery*, 532 F. Supp. 2d at 32).

### B. The Court Grants the Motion to Transfer Venue to the District of Oregon

Because this case may have been brought in the District of Oregon, and that district is the more convenient forum considering both the public and private interests at stake, the Court finds that this case should be transferred.

#### 1. The District of Oregon is a Proper Venue

Under 28 U.S.C. § 1404(a), the moving party must first establish that the plaintiff could have brought the suit in the transferee forum. 28 U.S.C. § 1404(a). "A civil action in which a defendant is an officer or employee of the United States or any agency thereof … may … be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e).

Here, nearly all the Defendants have a substantial connection to Oregon.[1] All of the named Defendant judges are officers or employees of either the state of Oregon or the District of Oregon, except the Hon. Robert B. Kugler and the Hon. Elizabeth A. Weishaupl. Compl. ¶¶ 11–18. Additionally, Defendants Billy J. Williams and Carol Bernick both hold office in Oregon, *id.* ¶¶ 17–19, and Defendants Oregon Judicial Department, Oregon State Bar, and Oregon State Bar Professional Liability Fund are all Oregon-based government entities, *id.* ¶¶ 7–9. Moreover—independent of the above analysis—venue is proper in the District of Oregon because most of the civil proceedings that form the basis for this action took place in Oregon, *see id.*, and Mr. Rote resides in Oregon, *id.* ¶ 4. *See* 28 U.S.C. § 1391(e). Therefore, the District of Oregon is a proper venue.[2]

2. The District of Oregon is the More Convenient Forum

Having decided that the District of Oregon is a venue where this case could have been brought, the Court must now consider whether the "particular circumstances" of this case warrant a transfer to said district. *Starnes v. McGuire*, 512 F.2d 918, 925–26 (D.C. Cir. 1974). In order to do this, the Court must address the public and private interests of transferring this

---

[1] Due to the Complaint's lack of specification with respect to state of residence, the Court will default to analyzing where the non-entity Defendants are employed or hold office.

[2] Although the District of Oregon may not have personal jurisdiction over all the disparately located sets of defendants (e.g., Colorado and New Jersey), it is likely no court may have personal jurisdiction over all of them. Certainly, the District of Oregon would possess personal jurisdiction over the greatest number of defendants.

case to the District of Oregon. *Stewart Org.*, 487 U.S. at 30. As set forth below, both the public and private interests favor transfer to Oregon.

a. Public Interest Factors

"Courts in this district have consistently found that the public interest favors allowing [courts in] the state in which the alleged wrongful conduct took place to resolve conflicts arising from acts committed entirely in that state." *Spaeth v. Michigan State Univ. Coll. Of Law*, 845 F. Supp. 2d 48, 59 (D.D.C. 2012) (quoting *Levin v. Majestik Surface Corp.*, 654 F. Supp. 2d 12, 16 (D.D.C. 2009). Accordingly, courts may refer to the following considerations to evaluate the public interest of transferring a case: "(1) the transferee's familiarity with the governing laws, (2) the relative congestion of each court, and (3) the local interest in deciding local controversies at home." *Montgomery*, 532 F. Supp. 2d at 34 (citing *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004)).

Because the Complaint implicates Oregon state laws and rules, the first public interest factor favors a transfer to the District of Oregon. Specifically, the Complaint alleges violations of Article I, §§ 8, 10, and 20 of the Oregon Constitution, Compl. ¶¶ 1, 102, and many of the allegations are grounded in local laws and rules, *see, e.g.*, *id.* ¶ 82 (alleging the Oregon State Bar "aided and abetted" efforts to deny Mr. Rote's due process rights by not acting against supposed violations of the Oregon Rules of Professional Conduct); *id.* ¶ 83 (averring that the Hon. Robert Herndon ignored Oregon law by not considering certain evidence on appeal); *id.* ¶ 55 ("[e]thics complaints were filed with the Oregon State Bar association" for various alleged ethical violations). As Mr. Rote points out, both Districts are equally competent to deal with federal law, Pl.'s Response in Opp'n to Defs.' Mot. to Transfer ("Opp'n") at 6, ECF No.16 (citing *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 502 F. Supp. 2d 64, 68 (D.D.C. 2007), and so

the District of Oregon's greater familiarity with the remaining issues—namely those dealing with the Oregon Constitution, as well as Oregon laws and rules—weighs heavily in favor of transfer.[3] *See McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 41 (D.D.C. 2003) (finding the action would require application of substantive North Carolina law, which favors transferring to North Carolina because North Carolina courts have the greatest familiarity with local law); *Trout Unlimited*, 944 F. Supp. at 19 (transfer to the District Court of Colorado was warranted because the action, "in part, involve[d] the interpretation of Colorado law," despite also involving federal statutes and regulations).

Next, an examination of the relative congestion of the respective calendars of the District of Oregon and the District of Columbia favors transfer. The Court will analyze this factor by examining the districts' median times from filing to disposition or trial. *Sheffer*, 873 F. Supp. 2d at 380. The Statistical Tables for the United States Judiciary demonstrate that civil cases are resolved more quickly in Oregon—the median time from filing to trial is 27.4 months in the District of Oregon compared to 51.9 months in the District of Columbia.[4] Defs.' Mem. In Support of Defs.' Mot. To Transfer ("Defs.' Mem. Supp.") at 5, ECF No. 13-1. Mr. Rote fails to address this argument in his response, *see* Opp'n, and so the Court will treat this factor as conceded. *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only

---

[3] Mr. Rote argues under this factor that his decision to file in this District is owed substantial deference and thus weighs against transfer. *See* Opp'n at 6–7. This argument is not relevant in determining whether the transferee forum's familiarity with the governing laws weighs in favor of transfer, and thus will not be analyzed under this factor.

[4] These statistics can be accessed at https://www.uscourts.gov/statistics-reports/statistical-tables-federal-judiciary-december-2018 (Table C-5).

certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded").

Finally, the District of Oregon's interest in deciding this case at home strongly outweighs the District of Columbia's tenuous interest in this case. As previously set forth, a vast majority of the parties—including Mr. Rote—either reside or are based in Oregon. *See* Compl. ¶¶ 4–19. Indeed, very few of the Defendants have any connection to the District of Columbia. *See id*. Further, as argued, almost all the litigation giving rise to this action took place in Oregon—none took place in the District of Columbia. *See id.* Surely, the District of Columbia's interest in this case is far outweighed by the District of Oregon's interest in adjudicating a matter substantially arising out of litigation taking place in Oregon and involving Oregon judges, Oregon government entities, and an Oregon Plaintiff. *See, e.g.*, *McClamrock*, 267 F. Supp. 2d at 42 ("North Carolina's interests are considerable since the injury . . . occurred in that state to one of its residents, the doctors that prescribed the drug and have treated and continue to treat plaintiff reside there, and the drug that allegedly caused the injury was marketed, sold, and prescribed there.").

Mr. Rote's argument that the final public interest factor weighs against transfer due to this case's national implications is unavailing. Mr. Rote makes three arguments to support his claim that his case is nationally significant: the case involves "federal and state judges engaged in a multi-jurisdictional effort to deny plaintiff due process," "the core issue in the case is based upon the . . . administration of Judicial Conduct within the Federal Districts" that allows for "retaliation for free speech … in the form of due process violations," and "the reach of the federal government's [sic] to compromise State Judges implicates Federal and State Constitutional guarantees." Opp'n at 8. However, Mr. Rote's first argument—and most of his

Complaint—only pertains to himself, which hardly makes this case national in scope. *See Abusadeh v. Chertoff*, No. 06-2014 (CKK), 2007 WL 2111036, at *6 (D.D.C. July 23, 2007) (finding no national significance in a case that did not assert a general challenge to policy but rather focused solely on the plaintiff's interests). Furthermore, all of Mr. Rote's claims arise out of proceedings that took place in Oregon, New Jersey, and Colorado, and thus alleging specific defects in these three jurisdictions does not create an issue that is national in scope. *See* Compl. Moreover, all of Mr. Rote's arguments implicate Constitutional rights, and this Court surely cannot entertain the idea that all Constitutional claims are "national interests" that can only be properly adjudicated in the District of Columbia. On the contrary, all federal courts are competent to address federal issues. *See Oceana, Inc. v. Pritzker*, 58 F. Supp. 3d 2, 7 (D.D.C. 2013) (citation omitted). The constitutional issues raised, therefore, have no influence in determining whether transfer is appropriate. *See id.* However, even if the Court were to accept that Mr. Rote raises issues of national significance, it is unclear why the District of Oregon would be unable to adequately address these issues. Because of Oregon's strong local interest in deciding this case—compounded by the Oregon laws, rules, and constitution implicated here—the Court is unpersuaded that the tenuous possibility that this case raises issues of national significance provides enough cause to deny transfer to the District of Oregon.

For the foregoing reasons, all three public interest factors weigh in favor of transferring this case to the District of Oregon.

b. Private Interest Factors

Having found that the public interests favor transfer to Oregon, the Court must now assess the private interests at stake. The private-interest factors which should be considered include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the

11

claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *Montgomery*, 532 F. Supp. 2d at 32–33 (citing *Akiachak Native Cmty.*, 502 F. Supp. 2d at 67). These factors weigh in favor of transferring this suit to the District of Oregon.

First, the deference usually provided to the plaintiff's choice of forum is lessened because the District of Columbia is not Mr. Rote's home forum, Compl. ¶ 4, and there is little to no factual connection between this case and the District of Columbia. *See M&N Plastics, Inc. v. Sebelius*, 997 F. Supp. 2d 19, 23–24 (D.D.C. 2013) (finding that while a plaintiff's choice of forum is a factor that weighs against transfer, "this general rule gives way when that choice is not their 'home forum'[,] and 'where there is an insubstantial factual nexus between the case and the plaintiff's chosen forum, deference to the plaintiff's choice of forum is . . . weakened.'") (quoting *Fed. Hous. Fin. Agency v. First Tenn. Bank Nat'l Ass'n*, 856 F. Supp. 2d 186, 192 (D.D.C. 2012)). Mr. Rote cites out of Circuit authority to argue that because his choice of forum is both "legitimate and rational," his choice should be afforded deference. Opp'n at 4 (citing *TSMC Tech., Inc. v. Zond, LLC*, 2015 WL 328334 at *1 (D. Del. Jan. 26, 2015)). Mr. Rote's sole argument for why this forum is "legitimate and rational" hinges on the District of Columbia having "personal jurisdiction over Defendants Judicial Committee and United States Department of Justice because each is an 'inhabitant' of the District of Columbia." Opp'n at 4 (emphasis omitted) (citing 15 U.S.C. § 22). As an initial matter, the Complaint does not contain any factual allegations against either of these defendants, so relying on these two defendants to argue that this District should retain jurisdiction is hardly legitimate or rational. Moreover, as Defendants point out, any judicial district in which the Department of Justice has an office—including the District of Oregon—could be said to have personal jurisdiction over the Department of Justice.

Reply in Further Support of the Defs.' Mot. to Transfer ("Reply Further Supp. Defs.' Mot.") at 7, ECF No. 17 (citing *Bryan v. U.S. Dep't of Justice*, No. Civ. A. No. 07-0101, 2001 WL 2892967, at *2 (N.D.W.Va. Sept. 28, 2007) (citation omitted)). Therefore, Mr. Rote's choice of forum is entitled to less deference because it is not his home forum, nor does it have a sufficient factual connection to the case. S*ee M&N Plastics, Inc.*, 997 F. Supp. 2d at 23–24. And the fact that this Court may have personal jurisdiction over two defendants does not make this choice of forum sufficiently "legitimate and rational" to overcome these shortcomings.

Second, the Defendants' choice of forum weighs in favor of transferring. Defendants' choice of forum is the District of Oregon—where most of the Defendants reside or are based, and where most of the events giving rise to this action occurred. *See* Compl. As Defendants argue, "where the action is 'inextricably linked to [the defendant's chosen forum], plaintiff's choice of forum cannot be given anything like the same consideration given in cases where the chosen forum has a true connection with the matter.'" Reply Further Supp. Defs.' Mot. at 7 (quoting *Franklin v. S. Ry. Co.*, 523 F. Supp. 521, 524 (D.D.C. 1981)). Thus, Defendants' choice of forum outweighs Plaintiff's choice in this case.

In evaluating the next consideration—where the claims arose—courts in this district examine "where most of the significant events giving rise to the claims occurred." *Treppel v. Reason*, 793 F. Supp. 2d 429, 433 (D.D.C. 2011). Plaintiff does not contest that most of the events giving rise to this action took place in Oregon, with the rest taking place in New Jersey and Colorado. *See* Compl; Opp'n. Indeed, as Defendants argue, of the twenty-eight "acts" that form the basis for this action, twenty-five occurred in Oregon, two occurred in New Jersey, and one occurred in Colorado. *See* Compl. at 6–20; Reply Further Supp. Defs.' Mot. at 4. The

13

Complaint does not allege that any events giving rise to this action took place in the District of Columbia.  *See* Compl.

Defendants correctly point out that the only connection this case has to the District of Columbia is the headquarters of the Department of Justice and Committee on Judicial Conduct and Disability.  *See* Defs.' Mem. Supp. at 6; Compl.  Importantly, the Complaint does not contain any factual allegations against these Defendants.  *See* Compl.  Therefore, Mr. Rote fails to allege any "specific involvement or meaningful role by any [agency] personnel in Washington" beyond a "general advisory capacity," which is required to establish "meaningful ties to the District of Columbia." *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 98–99 (D.D.C. 2013) (citations omitted).  Indeed, Mr. Rote would be hard pressed to rely on these two defendants to establish that his claims arose in the District of Columbia.

In addition, Mr. Rote relies on *Gulf Restoration Network v. Jewell*, 87 F. Supp. 3d 303 (D.D.C. 2013), to argue that because the decisions to "retaliate against the plaintiff were made in New Jersey, Colorado, Oregon and the District of Columbia," this factor should not weigh in favor of transferring to the District of Oregon.  Opp'n at 4.  However, the Complaint does not allege that *any* decisions to retaliate against Mr. Rote were made in the District of Columbia, *see* Compl., let alone establish sufficiently significant ties between the District of Columbia and the decision-making process that the Court may consider the decision-making process to be "diffuse," *Gulf Restoration Network*, 87 F. Supp. 3d at 313–14.  Therefore, the third factor weighs in favor of transferring.

Fourth, the convenience of the parties weighs in favor of transfer.  As was previously established, most of the Defendants—and Mr. Rote—have significant ties to or reside in the District of Oregon, *see* Compl. ¶¶ 4–19, all of which would find it more convenient to litigate in

the District of Oregon. *See, e.g.*, *Trout Unlimited*, 944 F. Supp. at 18 (convenience of the parties supported transfer to Colorado because two out of three plaintiffs, as well as the defendants most involved in the matter, are located in Colorado). Mr. Rote argues that because this District is the Federal Defendants' "home forum," they "cannot reasonably claim to be inconvenienced by litigating in this district." Opp'n at 5 (quoting *Oceana, Inc.*, 58 F. Supp. 3d at 7). While Federal Defendants concede that the District of Columbia is the home forum for Defendants Department of Justice and Committee on Judicial Conduct and Disability, *see* Reply Further Supp. Defs.' Mot. at 5, they point out that Federal Defendants Paul J. Papak and Billy J. Williams both reside in Oregon, *id.* at 6; Compl, ¶¶ 13, 17. Importantly, Department of Justice also has an office in Oregon, which would assuage any inconvenience concerns.[5] *See* Reply Further Supp. Defs.' Mot. at 6. Regardless, the inconvenience of two defendants would not outweigh the convenience of most of the parties for the purposes of this factor. *See Trout Unlimited*, 944 F. Supp. at 18. Clearly, most of the parties would find the District of Oregon to be a far more convenient forum compared to this District, and so this factor favors transfer.

Finally, the fifth and sixth factors—the convenience of the witnesses and the ease of access to sources of proof—weigh in favor of transferring to the District of Oregon. Mr. Rote argues that these two factors do no warrant consideration because live testimony will likely be limited. *See* Opp'n at 5. To support this proposition, Mr. Rote cites to cases arising under the Administrative Procedure Act ("APA"), where there is a review of an "administrative record and

---

[5] The Court does not afford much weight to the "home forum" of Defendant Committee on Judicial Conduct and Disability of the Judicial Conference of the United States because, as previously noted, the Complaint does not include any factual allegations against this party. The same may be said for Defendant Department of Justice, but this point is moot considering that the Department of Justice has a presence in Oregon. Regardless, these two parties are in the minority, and the rest of the more substantively involved parties could not reasonably claim that this District is their "home forum."

live testimony is unlikely." *Greater Yellowstone Coal. v. Kempthorne*, Nos. 07-2111(EGS), 07-2112 (EGS), 2008 WL 1862298 at *4 (D.D.C. Apr. 24, 2008). However, as Defendants argue, this case can be easily distinguished from the APA cases because the Complaint makes no reference to the APA. *See* Reply Further Supp. Mot. at 6 (comparing Compl. *with Greater Yellowstone Coal. v Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001)). Moreover, it is hard to imagine how Mr. Rote, if his claims survive beyond the dispositive motion stage, will be able to prove his case—which involves a litany of allegations of violations of his constitutional rights by a series of judges and public officials—without testimony and other sources of proof. *See McClamrock*, 267 F. Supp. 2d at 39 ("How plaintiff realistically believes he will be able to prove these elements of damages without the testimony of the health care professionals who have treated him . . . is beyond this Court's comprehension."). Therefore, these factors warrant transfer as well.

Given that most of the events giving rise to this action took place in Oregon, *see* Compl, it is likely that most of the witnesses and sources of proof will be in Oregon. Indeed, Mr. Rote admits that there are "certainly more witnesses in Oregon than elsewhere." Opp'n at 5. Mr. Rote points out that witnesses from New Jersey and Colorado comprise a significant portion of the witnesses in this action, but this still does not provide reason for this District—housing no witnesses or sources of proof—to retain this matter. *Id.* Mr. Rote further argues that the Oregon witnesses "will be easily compromised by what is a retaliatory culture among the Oregon Judiciary," and thus would be more honest in an alternative forum. *Id.* As an initial matter, the Complaint never alleges any institutional witness tampering, intimidation, or retaliation such that Mr. Rote's witnesses will be unable to tell the truth in the District of Oregon. *See* Compl. Moreover, assuming *arguendo* that no Oregon District Court judge can hear Mr. Rote's claims,

the remedy is for a visiting judge from outside of Oregon to preside over the case, not to keep the case in an inappropriate venue, which does not maintain personal jurisdiction over most, if any, of the defendants. *See* 28 U.S.C. § 292. Therefore, these two convenience factors weigh in favor of transfer.

For the foregoing reasons, all six private interest factors weigh in favor of transferring this case to the District of Oregon.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to transfer this case to the District of Oregon. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 6, 2019                                              RUDOLPH CONTRERAS
                                                                                                       United States District Judge